UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FREEDOM SCIENTIFIC, INC. and ) <br> FREEDOM SCIENTIFIC BLV GROUP, LLC ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TIEMAN DEVELOPMENT B.V. and ) <br> OPTELEC U.S., INC., ) <br> ) <br> Defendants. ) <br> ) | CASE NO.: 8:06-cv-00963-JSM-MAP <br><br> Judge James S. Moody, Jr. <br><br> Magistrate Judge Mark A. Pizzo |

DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO TRANSFER, BASED ON THE PREEXISING LAWSUIT BEWEEN THE PARTIES IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Defendants Tieman Development, B.V. and Optelec U.S., Inc. (collectively "Optelec") move this Court to dismiss the present action because there is a first-filed action involving the exact same patent infringement issues currently pending in Federal District Court for the Northern District of Illinois. Plaintiff Freedom Scientific, Inc. was properly served with a Summons from the Illinois action four days before it filed this declaratory judgment lawsuit, and Freedom brought this declaratory judgment suit with full knowledge of the Illinois action in what appears to be a blatant attempt at forum shopping. Because the Illinois action was filed and served first and involves the exact same patent infringement issues at bar in the instant lawsuit, the "first to file" rule followed by the Eleventh Circuit favors this request to dismiss this Florida lawsuit. In the alternative, Defendants request that, pursuant to 28 U.S.C. § 1404(a), this Court transfer the present case to the U.S. District Court for the Northern District of Illinois so that

0017556\117921\958611\1

Plaintiffs' declaratory judgment claims may be consolidated with the prior suit brought by the Defendants.

BACKGROUND

On May 18, 2006 Optelec brought a federal lawsuit against Freedom Scientific in the United States District Court for the Northern District of Illinois alleging infringement of U.S. Patent Nos. 6,163,280 ("the '280 patent") and 4,985,692 ("the '692 patent"), the same patents at issue in this Florida case. *See Tieman Development, B.V., et al v. Freedom Scientific, Inc.* et al., No. 06-CV-2802 (filed on May 18, 2006)(Complaint attached as Exhibit A)(hereinafter "the Illinois case."). The summons, complaint, and ancillary paperwork in connection with the Illinois case were personally served on Freedom Scientific via hand delivery on the following day, May 19, 2006.[1] *See* Affidavit of Service (attached as Exhibit B). Freedom Scientific answered Optelec's complaint in the Illinois case on June 8, 2006 (Answer attached as Exhibit C).

In their June 8th Answer in the Illinois case, Freedom admits that venue over this dispute is proper in the Northern District of Illinois pursuant to 28 U.S.C. § U.S.C. 1391(b), 1391(c) and 1400(b). *See* Para. 5 of Freedom's Answer (Exhibit C) and Optelec's May 18th Complaint (Exhibit A). Freedom sells and offers for sale its infringing products in the Northern District of Illinois. Freedom's own internet site indicates that it has authorized distributors in the Northern District of Illinois that sell the products at issue here. *See* image of Freedom Scientific's web site identifying E.M. Vitu, Inc. of Libertyville, IL and Woodlake Technologies, Inc. of Chicago, IL

---

[1] The Illinois action involves three of the same four parties named in the Florida case. One plaintiff in the Florida case (Freedom Scientific BLV Group, LLC) was not initially named in the Illinois action because it was unclear to Optelec if the party was selling or offering for sale the infringing products. Given Freedom's admissions in its Florida complaint, Freedom Scientific BLV Group, LLC will be joined as a defendant in the Illinois action.

as dealers "authorized to sell all [Freedom Scientific] products." (attached as Exhibit D)**.** Because Freedom conducts business in the Northern District of Illinois through its authorized distributor, venue is proper in the Northern District of Illinois. *See R.E. Davis Chem. Corp. v. Int'l Crystal Labs., Inc.*, No. 30 C 7288, 1004 U.S. Dist. LEXIS 19396, *3-8 (N.D. Ill. Sept. 24, 2004) (finding venue in the Northern District of Illinois to be proper in a patent case over a non-resident corporate defendant under 28 U.S.C. §§ 1400(b) and 1391(c) due to the sale of defendant's allegedly infringing goods in Illinois).

Four days after receiving the Summons in the Illinois Action, Freedom brought the present suit seeking a declaration that the '280 and '692 patents are invalid, unenforceable, and/or not infringed by any of Plaintiffs' products. Freedom neglected to bring the first-filed Illinois lawsuit to this Court's attention when filing the instant Complaint, and instead chose to claim to this Court that Freedom had "a reasonable apprehension of imminent litigation as a result of Defendants' direct accusations and claims asserted against them and Defendants' express intention of commencing litigation against them to enforce their patents." *Id* at p.4. Freedom's claims in this regard are misleading at best.

## ARGUMENT

In addressing dismissal or transfer of co-pending actions involving the same parties and identical issues, the Eleventh Circuit generally follows the first-filed rule, which provides that "when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should here the case." *Jasper Corp. v. Nat'l Union Fire Ins. Co.*, 1999 U.S. Dist. LEXIS 15334, *13 (M.D. Fla. Sept. 3, 1999); *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d

1169, 1174 (11th Cir. 1982) ("In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case"). "The primary purpose of the first-filed rule is to conserve judicial resources and avoid conflicting rulings." *Allstate*, 9 F. Supp. 2d at 1316.

In implementing the first-filed rule, the court in the later-filed action may, under its inherent power, properly dismiss the second filed action to avoid duplicate litigation. *La Seguridad v. Transytur*, 707 F.2d 1304, 1307 (11th Cir. 1983) ("a district court has inherent power to decline to exercise jurisdiction over a case when an adequate, alternative forum is available"); 17 Moore's Federal Practice § 111.13[1][o] (Matthew Bender 3d.) (*citing Trippe Mfg. Co. v. American Power Conservation Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) and *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). In the alternative, a court may transfer the second action under 28 U.S.C. § 1404(a) so that it may be consolidated with the first filed action. *Id* (*citing Midwest Motor Express, Inc. v. Central States S.E. & S.W.*, 70 F.3d 1014, 1017 (8th Cir. 1995)).

Although a court may depart from the first-filed rule in certain compelling circumstances, no such compelling circumstances are present here. Indeed, the decision to transfer or dismiss is one of discretion for the trial court. *Id*; *Jasper*, 1999 U.S. Dist. LEXIS at *14. Moreover, "[e]ven where compelling circumstances are present, 'the first filed rule is preferred … unless consideration of judicial and litigant economy, and the just effective disposition of disputes, require otherwise.'" *Jasper*, 1999 U.S. Dist. LEXIS at *14; *Allstate*, 9 F. Supp. 2d at 1316 (*quoting Serco Serv. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995)). "These principles are consistent with the doctrine of federal comity which requires federal district courts to refrain

from interfering with each others' affairs in order to avoid duplication of judicial resources and conflicting decisions." *Allstate*, 9 F. Supp. 2d at 1316 (*citing Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185-86 (1952)).

A. **The U.S. District Court for the Northern District of Illinois Was The First Court to Obtain Jurisdiction Over The Present Dispute**

As explained in above, Optelec's suit in Illinois was filed and served prior to the time the Plaintiffs initiated the present action for declaratory judgment. Moreover, the two lawsuits involve the exact same issues of substantive patent infringement. Because the Illinois suit was the first to attach jurisdiction to this matter, Optelec's choice of forum should be respected as the first to initiate the lawsuit between these parties. Indeed, by waiting to file the present declaratory judgment action until after Defendants filed their suit for patent infringement, Freedom has divested itself of the ability to select the forum for adjudication of the present dispute. *Cf. Bayer CropScience, LP v. Booth*, No. 7:04-cv-92; 2005 U.S. Dist. LEXIS 19411, *7-8 (M.D. Ga. Aug. 31, 2005) ("*preemptive* declaratory actions … preempt the forum choice of the plaintiff in the coercive action"); 17 Moore's Federal Practice, § 111.13[1][o] ("The first-filed rule advances 'the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue'").

B. **The Present Lawsuit Arises Out of The Same Operative Facts as Those At Issue In the Illinois Case**

The separate lawsuits filed in both Illinois and Florida present the identical questions for adjudication. Both this instant case and the Illinois lawsuit concern the issue of infringement by Freedom Scientific of Optelec's two United States patents, the '280 and '692 patents. All of Freedom's claims in this Florida case (e.g., that the '280 and '692 patents are invalid,

0017556\117921\958611\1

5

unenforceable, and/or not infringed by any of Plaintiffs' products) are properly at issue in the Illinois actions as affirmative defenses. Indeed, Freedom's declaratory judgment action is a proper counterclaim in the Illinois action. *See Polymers, Inc. v. Ultra Flo Filtration Sys.*, 33 F. Supp. 2d 1008, n.6 *(M.D. Fla. 1998)* (commenting that claims seeking a declaration of invalidity and non-infringement with respect to a particular patent are mirror images of a "straight infringement action" and often times reflected as a counterclaim). All these claims are reciprocal and should be heard together by the Illinois court in order to conserve judicial resources and avoid conflicting rulings.

C.  **No Special or Compelling Circumstances Exist In This Case Which Favor Adjudication of the Present Controversy by this Court Instead of the Northern District of Illinois**

As indicated above, the first-filed rule is the standard employed by courts within the Eleventh Circuit in determining the forum for competing lawsuits, although a court may depart from the rule if certain compelling circumstances exist. *Jasper*, 1999 U.S. Dist. LEXIS at *13-14. However, even where special circumstances are shown to be present, jurisdiction with "the first-filed action is preferred, … unless consideration of judicial and litigant economy, and the just effective disposition of disputes, require otherwise." *Id*. at *14. There are no compelling circumstances here that counsel in favor of disregarding the well-established first to file rule.

In determining whether special or compelling circumstances exist, courts may consider a number of factors including: (1) "the convenience of the parties and the witnesses; (2) Plaintiffs' initial choice of forum and the circumstances surrounding that choice; (3) ease of access to sources of proof; (4) availability of compulsory process for witnesses; and (5) the location of

relevant witnesses." *Id*. at *17. None of these factors weigh in favor of disregarding the first to file rule here.

    1.    <u>The Northern District of Illinois is a More Convenient Forum on Balance</u>

At the outset, it should be noted that this lawsuit involves parties at opposite ends of the North American continent. Freedom's headquarters in is Florida, while Optelec is located in California. Optelec could have chose to sue in California and forced Freedom to travel across the country to defend this case. Instead, Optelec filed its lawsuit in Illinois and thus chose a centrally-located venue that is equally convenient to both parties, where neither party is forced to travel to the others' home. This results in both parties bearing approximately equal burdens and eliminates the burden that would be placed exclusively on Freedom Scientific if Optelec made Freedom travel to California to defend this matter.

    2.    <u>Defendants' Selection of the Northern District of Illinois Should be Given Significant Weight as the Initial Choice of Forum</u>

The Northern District of Illinois was selected as the forum for this litigation by Optelec before Freedom brought the instant lawsuit in the Middle District of Florida. As such, the Northern District of Illinois is the "initial forum," and in accordance with the first-filed rule, Defendants' selection should be given significant weight. *Manuel v. Convergys Corp.*, 430 F.3d 1132, (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first filed suit."); *See also* 17 Moore's Federal Practice, § 111.13[1][c][i] ("As a general rule, the plaintiff's initial choice of forum is given significant weight and will not be disturbed unless other factors weigh substantially in favor of transfer.") Freedom cannot establish that significant justification exists for disturbing Defendants prior selection of the

0017556\117921\958611\1

7

Northern District of Illinois as the forum to preside over the present dispute, and Optelec's choice therefore should not be disturbed.

    3.    The Location of the Relevant Sources of Proof In This Case Does Not Necessitate a Finding of Special or Compelling Circumstances

Another factor a Court may consider in determining whether special or compelling circumstances exist is the ease of access to sources of proof. *Jasper*, 1999 U.S. Dist. LEXIS at *17. This factor considers the relative location of the documents and other physical evidence relevant to the dispute. 17 Moore's Federal Practice, § 111.13[1][h]. It should be noted that the location of documents and other evidence is a relatively less important consideration given the comparatively low cost of transporting such materials. *Id*. Indeed, this factor generally only favors one party when extremely voluminous exist in one venue or are in the possession of non-party witnesses beyond the reach of a specific court's subpoena power. *See Id*. Given the fact that both parties' documents are likely located in their home jurisdictions, and moreover that Optelec is unaware of any documents in the possession of non-party witnesses that would weigh in favor of venue in Florida over Illinois, this factor cannot be said to favor either party. As such, there is no indication that the location of the relevant sources of proof in this case necessitates a finding of special or compelling circumstances.

    4.    There Are No known Non-Party Witnesses Relevant to the Present Dispute That Reside Outside the Subpoena Power of the Northern District of Illinois

The amenability of significant nonparty witnesses to subpoena at the respective forums can be an important factor to be considered in determining whether special or compelling circumstances exist. *Jasper*, 1999 U.S. Dist. LEXIS at *17; *See also* 17 Moore's Federal Practice, § 111.13[1][g] (*citing FUL Inc. v. Unified School Dist. No. 204*, 839 F. Supp. 1307,

1312 (N.D. Ill. 1993)). Thus, in selecting between two forums where parallel litigation is pending, the fact that the majority of non-party witnesses would not be subject to the compulsory process of one forum, but are within the subpoena power of the other, militates in favor of the latter forum. *See* 17 Moore's Federal Practice, § 111.13[1][g].

At this point in the proceedings, it is difficult to identify with certainty all relevant non-party witnesses that may testify at trial. That said, Optelec is unaware of any advantage or disadvantage relating to non-party witnesses to either party that arises from the choice of venue in the Northern District of Illinois. Furthermore, should Freedom attempt to identify possible key non-party witnesses located in or near Florida, the mere existence of such a non-party witness does not alone constitute special or compelling circumstances because such testimony may be introduced by using such witnesses' depositions at trial. *See, e.g., Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1138-39 (6th Cir.). Given the current state of technology, it is also possible for the parties to use videotaped depositions or even live two-way videoconference testimony at trial, if necessary, and this limits the impact of this factor on forum selection.

   5.   The Location of Possible Non-Party Witnesses That Are Material to The Present Dispute Are Not Restricted to The Middle District of Florida and Therefore Not a <u>Significant Justification For Abandoning The First-Filed Rule</u>

The location of relevant witnesses is a final factor that courts will evaluate in assessing whether special or compelling circumstances exist. *Jasper*, 1999 U.S. Dist. LEXIS at *17. In analyzing this factor, courts generally place more emphasis on the respective locations of non-party witnesses that are material to a party's case over party witnesses who are presumed to be willing to testify in other forums despite the inconvenience that they would entail. *See* 17 Moore's Federal Practice, § 111.13[1][f][iii], 111.13[1][f][v]. Furthermore, if both parties'

witnesses are scattered throughout various states and not exclusively in either district, or are evenly divided between the two districts where the competing cases are pending, then this factor will be considered a "wash," and a balancing of the other factors will determine whether circumstances are sufficiently compelling to abandon the first-filed rule.

In this case, Optelec will be disadvantaged if it is forced to bring all its witnesses to Florida to trial. The burden on both Optelec and Freedom is approximately equal when both have to bring their witnesses to the Northern District of Illinois. Given that the burden is more equally shared amongst the parties in the Illinois action, Optelec submits that it is more equitable to transfer this later-filed suit to the Northern District of Illinois. Indeed, the fact that Optelec's infringement claims in-part implicate E.M. Vitu, Inc. (the authorized distributor of Plaintiffs' products in Libertyville, Illinois), the majority of non-party witnesses may in fact be located within the Northern District of Illinois.

When considering the aforementioned factors *in toto*, there is special or compelling circumstances that suggest that this Court abandon the first-filed rule. Moreover, the fact that Freedom is clearly forum shopping (as evidenced by its failure to tell this Court of the earlier filed and served Illinois action) should preclude the Plaintiffs from now being able to assert that special circumstances exist which favor jurisdiction in this Court over the Northern District of Illinois.

All the circumstances of the present controversy weigh strongly in favor of crediting the first-filed rule, and this Court should either dismiss Plaintiffs declaratory judgment claims or in the alternative transfer such claims to the Northern District of Illinois so that they may be consolidated with the prior suit brought by the Defendants. Since each of the claims alleged in

both the Florida suit and the Illinois suit involve identical issues of patent infringement, they should be heard together by the same court in order to conserve judicial resources and avoid conflicting rulings. The Northern District of Illinois was the first court to obtain jurisdiction over the present dispute and therefore should be the forum that retains jurisdiction of this controversy.

CONCLUSION

For the foregoing reasons, Defendants request that this Court grant their motion to dismiss the present lawsuit or in the alternative transfer the case to the U.S. District Court for the Northern District of Illinois so that Plaintiffs' declaratory judgment claims may be consolidated with the prior suit brought by the Defendants.

    //s//  Thomas Todd Pittenger
**T. TODD PITTENGER, ESQUIRE**
Florida Bar No. 0768936
LOWNDES, DROSDICK, DOSTER,
KANTOR & REED, P.A.
& Reed, P.A.
215 North Eola Drive
P.O. Box 2809
Orlando, FL  32802-2809
Telephone:  (407) 843-4600
Telecopier:  (407) 843-4444

    //s// Robert B. Breisblatt
**ROBERT B. BREISBLATT, ESQUIRE**
**J. ARON CARNAHAN, ESQUIRE**
**GEORGE S. PAVLIK, ESQUIRE**
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

**Counsel for Defendants**
**Tieman Development, B.V. and**
**Optelec U.S., Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2006, I filed the foregoing **Defendants' Motion To Dismiss, Or In The Alternative To Transfer, Based On The Preexisting Lawsuit Between The Parties In The United States District Court For The Northern District Of Illinois** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all Filing Users, including the following:

**Hal K. Litchford**
Litchford & Christopher, P.A.
390 N. Orange Ave., Suite 2200
P.O. Box 1549
Orlando, FL 32802
Phone: 407/422-6600
Fax: 407/841-0325
Email: hkl@litchris.com

//s// Thomas Todd Pittenger
_____
T. Todd Pittenger, Esquire